SANDERS, Chief Justice.
After a jury trial, the defendant, Myrtle Augustine Brooks, was convicted of the possession of heroin, a violation of LSA-R.S. 40:962: The trial judge sentenced her to a term of four years in the custody of the Louisiana Department of Corrections. On this appeal, defendant relies upon three Bills of Exceptions for reversal of her conviction and sentence.
On May 27, 1970, acting under a federal search warrant, agents of the United States Bureau of Narcotics and Dangerous Drugs searched the residence of Nathaniel and Myrtle Augustine Brooks. When the agents entered, the defendant was seated on the bed surrounded by business papers and documents. One of the agents, Hurst, saw her pick up something that looked like a handkerchief and thrust it under a pillow. Later, Special Agent Coston found a lady’s handkerchief containing twenty-five glassine envelopes of heroin inside the pillow case. It is the possession of this heroin which gave rise to the present charge.
BILLS OF EXCEPTIONS NOS. 1 AND 2
During the trial, while defense counsel was cross-examining Agent Coston, the officer testified that Nathaniel Brooks told him at the time the heroin was discovered that the heroin was his, but that he had left it with his wife, the defendant, to' deliver it to “a fellow” who was coming by to pick it up.
At the conclusion of Agent Coston’s testimony, defendant moved for a mistrial “on the grounds we sought to subpoena Nathaniel Brooks in this court.” The trial judge denied the motion for a mistrial, and' the defendant reserved Bill of Exceptions No. 1.
During the presentation of defense evidence, defense counsel moved for an in-* stanter subpoena for Nathaniel Brooks, stating:
“We believe it is in the southern District of New York, he has been transferred from Atlanta, Georgia, to the Federal Penitentiary in the Southern District of New York.”
The trial judge denied the subpoena, and defense couns.el reserved Bill of Exceptions No. 2.
In his Per Curiam, the trial judge states that he denied the mistrial, because after hearing the testimony of six witnesses, he saw no prejudice to the defense. He states that he denied the instanter subpoena for several reasons: (1) the defense had ample time to issue the subpoena prior to trial; (2) the address was uncertain; (3) the witness was in another state.
We find no error in these rulings.
Nathaniel Brooks was in federal custody, serving a sentence “either in Atlanta, Georgia, or the Southern District of New York.” It is true that the defendant had moved for and the court had granted a subpoena ad testificandum for his appearance at a hearing on a preliminary motion *639 to quash the bill of information. Allegedly, lie was then in the United States Penitentiary at Atlanta, Georgia. Because defendant filed no cost bond, the subpoena was not honored by the federal authorities. The defense made no advance effort to subpoena the husband for the trial. In fact, the record reflects that the defense made a strategy decision not to subpoena him. [Tr. 217].
In view of all the circumstances, the trial judge did not abuse his discretion in denying an instanter subpoena.
We likewise find no legal basis for granting the motion for a mistrial. See LSA-C.Cr.P. Art. 775.
Bill of Exceptions Nos. 1 and 2 are without merit.
BILL OF EXCEPTIONS NO. 3
The defendant reserved Bill of Exceptions No. 3 to the denial of her motion for a new trial. In the motion for a new trial, defendant reurged the prior bills of exceptions.
In'her brief, the defendant also argues: “[T]he government [referring to the federal government] had made it all but impossible for her to get a fair trial.” This general complaint apparently refers to the circumstance that the United States Internal Revenue Service filed a tax lien against defendant encumbering her funds prior to trial, and that federal agents cooperated in the state prosecution.
We have examined the evidence taken on the motion for a new trial and, like the trial judge, find no basis for granting a new trial.
For the reasons assigned, the conviction and sentence are affirmed.